UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00029-MOC

| | |
|---|---|
| IN RE: CHAD A COOKE, | ) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |

## CHARGE OF CRIMINAL CONTEMPT AGAINST JAMES M. HARMON

**THIS MATTER** is before the court on the Certification of the Bankruptcy Court of Contempt and Order Recommending Withdrawal of Reference (#1). In such certification, Honorable J. Craig Whitley, United States Bankruptcy Judge, recommends and certifies to this court that **JAMES M. HARMON** is in criminal contempt.

Civil and criminal contempt actions are distinguished on the basis of the nature of the relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2) if the relief is punitive (which would be a sentence of imprisonment for a definite period or a punitive monetary penalty in the case of a corporation), then the contempt is criminal. Hicks v. Feiock, 485 U.S. 624, 631-36 (1988); International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 829 (1994). Unlike the standard for civil contempt which need only be shown by "clear and convincing evidence," criminal contempt must be shown 'beyond a reasonable doubt." The Court of Appeals for the Fourth Circuit has held, as follows:

> A court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995) (internal quotation marks and citation omitted). Imposition of civil contempt sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. *See Bagwell*, 512 U.S. 821, 830-31, 114 S.Ct. 2552.

1

For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2960, at 380 (2d ed.1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 821 (4th Cir. 2004).

The Court has considered the Certification by the Bankruptcy Judge, reviewed the record and docket in the Bankruptcy Court, and determined that probable cause exists to prosecute **JAMES M. HARMON** for criminal contempt. In accordance with Rule 42(a)(2), Federal Rules of Criminal Procedure, the Court will request that the United States Attorney for the Western District of North Carolina prosecute such criminal contempt.

Having considered the Certification of the Bankruptcy Court of Contempt and Order Recommending Withdrawal of Reference, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the Certification of the Bankruptcy Court of Contempt and Order Recommending Withdrawal of Reference (#1) is **GRANTED**, and reference of the criminal contempt proceedings are **WITHDRAWN** from the Bankruptcy Court, with the remainder of the case (BR 12-32647, *In Re: Chad A. Cooke*) remaining in the Bankruptcy Court;

(2) the **UNITED STATES ATTORNEY** for the Western District of North Carolina is requested in accordance with Rule 42(a)(2) to prosecute this matter, and, if he declines to do so, to so advise the court not later than February 9, 2018; and

(3) **NOTICE** is hereby given to **JAMES R. HARMON** as follows:

A charge of Criminal Contempt has been lodged against you as provided herein and for the reasons outlined in Judge Whitley's Order; such matter will be tried on <u>March 19, 2018, at 2 p.m.</u>, in the United States Courthouse, Charlotte, N.C. You have a right to be represented by counsel and if you cannot afford counsel the Court will appoint counsel and you have until such date to prepare a defense. Your are advised that the essential facts constituting such criminal contempt are contained in the Certification of the Bankruptcy Court of Contempt and Order Recommending Withdrawal of Reference (#1), a document which accompanies this Order. Finally, if you fail to appear as instructed a warrant will issue for your arrest.

The Clerk of Court is instructed to issue a Summons compelling the attendance of James M. Harmon at trial on March 19, 2018, at 2 p.m. and make a copy of this Order and Judge Whitley's Order for service by the United States Marshal.

The United States Marshal shall serve a copy of the Summons, this Order, and the Order (#1) of Judge Whitley on:

**JAMES M. HARMON**
16204 Autumn Cove Lane
Huntersville, NC 28078-1326

The Clerk of Court shall send a copy of this Order to counsel of record, the Clerk of the Bankruptcy Court, and to:

**THE HONORABLE R. ANDREW MURRAY, Esq.**
United States Attorney for the Western District of North Carolina

Signed: January 26, 2018

*[Signature]*
Max O. Cogburn Jr.
United States District Judge